# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| TRACY JACKSON, : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | CIVIL ACTION 10-00168-B |
| : | |
| MUNICIPALITY OF SELMA, *et al.*, : | |
| : | |
| Defendants. : | |

### REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff's Response to Defendant's Notice of Transfer (Doc. 6) and Plaintiff's Amended Complaint (Doc. 7). In Plaintiff's Response, he asserts that this Court lacks jurisdiction because in his Amended Complaint, he has removed "all allegations that reference violations of Federal law." (Doc. 6, p. 1). Thus, Plaintiff requests that this case be remanded back to the Court from which it was removed, namely the Circuit Court of Dallas County. Based upon a careful review of Plaintiff's Response to Defendant's Notice of Transfer, Plaintiff's Amended Complaint, and Defendants' Response, the undersigned recommends that Plaintiff's request for remand be **DENIED**. The Order entered April 29, 2010 (Doc. 10) is hereby WITHDRAWN.

### Plaintiff's Amended Complaint

Plaintiff, on April 23, 2010, filed an Amended Complaint which purportedly removes all federal claims. (Doc. 7). As a threshold matter, the undersigned observes that Rule 15(a)provides, in

pertinent part, as follows:

> (a) Amendments Before Trial.
>
> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

<u>See</u> Rule 15(a)(1)& (2) of the Federal Rules of Civil Procedure.

Pursuant to Rule 15(a), Plaintiff was permitted to amend his Complaint once as a matter of right, as long as he did so within 21 days of service of Defendants' Answer or a motion under Rule 12(b),(e) or (f). In this case, the record reflects that Defendants' Answer was filed on April 9, 2010 (Doc. 2), and Plaintiff's Amended Complaint was filed subsequent thereto on April 23, 2010. (Doc. 7). Accordingly, the undersigned finds that under these circumstances, Plaintiff's Amended Complaint was timely filed as a matter of right.

Plaintiff's Motion to Remand

The Court turns next to Plaintiff's Response to Defendant's Notice of Transfer (Doc. 6), which the undersigned is treating as a motion to remand. In his response, Plaintiff seeks to have this case remanded to state court on the ground that with his Amended Complaint, all of Plaintiff's federal claims have been deleted. Defendants argue that this Court has federal jurisdiction because at the time of removal, Plaintiff had asserted claims under federal law and the United States Constitution. Defendant further asserts that while Plaintiff purports to have removed all of his federal claims, his Amended Complaint includes an entire section entitled "Federal and Constitutional Claims." Finally, Defendant asserts that Plaintiff's request to transfer should be treated as a voluntary dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

Federal Courts have limited subject matter jurisdiction, and are empowered to decide only certain types of cases. *See* Morrison v. Allstate Indemnity Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). In particular, lower federal courts can hear only cases for which Congress has granted them jurisdiction. Once a federal court determines that no grant of jurisdiction applies in a particular case, it must immediately dismiss the case for lack of jurisdiction. See Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327,

1331 n.6(llth Cir. 2001).

Removal statutes are construed narrowly and jurisdictional uncertainties are resolved in favor of remand. Burns v. Windsor Ins. Co., 31 F. 3d 1092, 1095 (llth Cir. 1994) ("While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim")(citations omitted). In removal actions, the removing party bears the burden of establishing jurisdiction. Diaz v. Sheppard, 85 F. 3d 1502, 1505 (llth Cir. 1996) A defendant may remove an action from state court to federal court only if the action is one over which the federal court possesses subject-matter jurisdiction. See 28 U.S.C. § 1441(a).

Federal question jurisdiction is present in only those cases that "arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987); Kemp v. International Bus. Machs. Corp., 109 F.3d 708, 712 (11th Cir. 1997).

In the case sub judice, the undersigned observes, as a preliminary matter, that while Plaintiff is deemed to be the master

of his Complaint, and is contending that he amended his Complaint to remove any federal claims, a review of the two Complaints reveals that they are nearly identical except that the original Complaint contains a jurisdictional statement which provides that Plaintiff's claims are being brought pursuant to 28 U.S.C. §§ 1331 and 1367, and 28 U.S. C. § 1983, whereas the Amended Complaint does not contain a jurisdictional statement. In both complaints, Plaintiff alleges that following a hip-hop stage performance on March 8, 2008, he was assaulted by Defendant Jones and other police officers, and that as a result, he suffered bodily injury, mental anguish, medical bills and hardship and inconvenience. Plaintiff also asserts an assault and battery claim, and in a section entitled "State Law Claims," he asserts claims for false arrest, false imprisonment, malicious prosecution, invasion of privacy, negligence and wantonness. In another section of the Complaint entitled "Federal and Constitutional Claims," Plaintiff asserts that while operating under color of state law, the officers violated his fourth amendment right to be free from unreasonable searches and seizures, and his fourteenth amendment right to due process of law. He further asserts that the officers engaged in malicious prosecution. Plaintiff also contends that the City of Selma was deliberately indifferent and failed to respond to Plaintiff's repeated complaints of constitutional violations, had a policy of inadequate training or supervision, knew about

5

widespread police abuse but failed to stop it, and was indifferent to hiring. Additionally, Plaintiff asserts that the officers violated his right to be free from cruel and unusual punishment under the eighth amendment.

Based upon a careful reading of Plaintiff's original Complaint and his Amended Complaint, the undersigned finds that while Plaintiff may have intended to delete his federal claims, his Amended Complaint, as drafted, still includes federal claims[1]. As noted supra, while Plaintiff deleted the jurisdictional statement from his Amended Complaint, the document still contains a section labeled "Federal and Constitutional Claims," and includes allegations that Defendants violated Plaintiff's rights under the fourth, eighth and fourteenth amendments. Accordingly, the undersigned finds that the face of Plaintiff's well pled Amended Complaint contains claims that arise under federal law and provides a basis for the exercise of federal jurisdiction. See Gibson v. Firestone, 741 F. 2d 1268, 1271 (11th Cir. 1984)(plaintiff's allegations of deprivation of "their fourteenth amendment rights to

---

[1] As a side note, the undersigned observes that neither side disputes the fact that at the time this case was removed, the Court had original jurisdiction over Plaintiff's federal claims, see 28 U.S.C. § 1331, as well as supplemental jurisdiction over Plaintiff's state law claims. See 42 U.S.C. § 1367(a). If a district court has subject matter jurisdiction based on federal question at the time of removal, subsequent acts do not automatically divest the court of its jurisdiction over remaining state law claims in the original complaint. Behlen v. Merrill Lynch, 311 F.3d 1087, 1095 (11th Cir. 2002).

due process and equal protection . . . are adequate to invoke federal subject matter jurisdiction"). Accordingly, the undersigned RECOMMENDS that Plaintiff's request for remand be **DENIED**.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 3rd day of May, 2010.

                                         **/s/ SONJA F. BIVINS**
                                 **UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)©; Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing

party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.      **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                            <u>/s/ SONJA F. BIVINS</u>
                                          **UNITED STATES MAGISTRATE JUDGE**