# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| TRACY JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 10-0168-WS-B |
| | ) |
| MUNICIPALITY OF SELMA, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the plaintiff's "motion for leave to file motion to remand or in the alternative leave to amend the complaint." (Doc. 24). The defendants have filed a response and the plaintiff a reply, (Docs. 26, 28), and the motion is ripe for resolution.

The plaintiff filed suit in state court against the Municipality of Selma ("the City") and Officer Carlos Jones, as well as several fictitious defendants. Although filed in state court, the complaint asserted jurisdiction under 28 U.S.C. §§ 1331 and 1367 and venue under 42 U.S.C § 1983. (Doc. 1, Exhibit A at 1). After asserting a number of state law claims, the complaint began a catalog of "federal and constitutional claims." (*Id*. at 5). The defendants removed pursuant to 28 U.S.C. § 1443 (removal of civil rights cases). (Doc. 1 at 2).

Promptly following removal, the plaintiff sought remand. He filed an amended complaint and simultaneously filed a "response to defendant's motion to transfer." (Docs. 7, 8). The response asserted that the amended complaint removed all allegations of violations of federal law and sought remand under 28 U.S.C. § 1447(c). The Magistrate Judge correctly recommended that remand be denied since, although the amended complaint deleted references to Sections 1331, 1367 and 1983, it continued to explicitly assert "federal and constitutional claims," including a violation of the Eighth

[1]

Amendment. (Doc. 11). The Court adopted the Magistrate Judge's report and recommendation (to which the plaintiff did not object) on May 24, 2010. (Doc. 12).

The parties subsequently filed a Rule 26(f) report, jointly requesting until August 31, 2010 to join additional parties and amend the pleadings. (Doc. 13 at 5). The Magistrate Judge then entered a Rule 16(b) scheduling order imposing precisely the deadline requested by the parties. (Doc. 14 at 2). The scheduling order also established a discovery deadline of November 30, 2010. (*Id*. at 1). The plaintiff never sought to extend these deadlines. The instant motion was filed on December 20, 2010.

The plaintiff first asserts that the Court "should remand an action originally brought in State Court of Alabama to that court where originally filed if no federal question or federal cause of action is evident." (Doc. 24 at 3). As discussed above, however, the amended complaint explicitly asserts multiple federal causes of action. Subject matter jurisdiction patently exists, and remand is not possible.

The plaintiff next asserts that he should be allowed to amend his complaint. He says the purpose is to assert federal claims if the case is to remain in federal court, (Doc. 24 at 3), but his brief makes clear that his primary purpose is to add two more police officers as defendants. (*Id*. at 2).

When, as in this case, the time for amendment as of right has passed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, the plaintiff's motion was also filed past the deadline established in the scheduling order for such motions, and such "[a] schedule shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b); *accord Sosa v. Airprint Systems, Inc*., 133 F.3d 1417, 1418 (11th Cir. 1998). Accordingly, the plaintiff must first show good cause for his failure to comply with the scheduling order. *Id*. at 1419 ("[B]ecause Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a)."). "This good cause standard precludes modification unless the

schedule could not 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee notes).

The plaintiff received the names of the additional police officers sought to be added as defendants through initial disclosures (in June 2010) and discovery. (Doc. 26 at 1-2). According to the defendants, the initial disclosures revealed that one of the two officers (rather than defendant Jones) was the arresting officer. (*Id.*). Nevertheless, the plaintiff did not seek to add the officers as defendants. Indeed, he did not take their depositions until November 29, 2010, the penultimate day of the discovery period. (Doc. 28 at 1). The plaintiff suggests he learned only during these depositions of information that would support federal causes of action, but he has not explained why he delayed until the end of discovery – and some three months after the amendment period expired – to depose them.

Absent any explanation for this five-month delay in taking these critical depositions, the plaintiff cannot show that his failure to learn of any claim against the two officers (or additional claims against the existing defendants) much earlier in the process occurred despite a reasonably diligent investigation. *Cf. Sosa*, 133 F.3d at 1419 (where the defendant indicated in discovery that it had fewer employees than required for jurisdiction, but the plaintiff delayed four months in propounding written discovery and took no depositions until three months after the deadline for amending the pleadings expired, she "thus left to chance a critical component of subject matter jurisdiction" and did not exhibit the necessary diligence); *Millennium Partners, L.P. v. Colmar Storage, LLC*, 494 F.3d 1293, 1299 (11th Cir. 2007) (where the defendant was on notice of a probable insurance payment, such that, "with some investigation, [the defendant] could have discovered its possible anti-subrogation defense," "[t]he fact that [the defendant] failed to conduct such investigation does not equate to 'good cause' for leave to amend ...."). The plaintiff's failure to explain his delay precludes him from establishing good cause, and without good cause he cannot be granted leave to amend at this late date.

For the reasons set forth above, the plaintiff's motion for leave to file motion to remand or in the alternative leave to amend the complaint is **denied**.

DONE and ORDERED this 24th day of January, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE