IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TRACY JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 10-0168-WS-B |
| | ) |
| MUNICIPALITY OF SELMA, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the defendants' motion for summary judgment. (Doc. 21). The parties have submitted briefs and evidentiary materials in support of their respective positions, (Docs. 22, 29, 30), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motion for summary judgment is due to be granted in part and denied in part.

**BACKGROUND**

The defendants are the Municipality of Selma ("the City") and Carlos Jones, a Selma police officer.[1] According to the amended complaint, the plaintiff was working at a musical event when he was approached by Jones and another officer about a missing cell phone. Officer Jones grabbed the plaintiff by the arm and, joined by other officers, dragged the plaintiff to some police vehicles. In that vicinity, a white officer grabbed the

---

[1] The style of the original complaint, and the text (though the not the style) of the amended complaint, list fictitious defendants a, b and c as "those individuals, entities, or corporations responsible for any of the acts and omissions alleged herein." (Doc. 1, Exhibit A at 1; Doc. 7 at 2). The plaintiff's extremely tardy motion to amend the complaint so as to identify two of the fictitious defendants as additional police officers has been denied for failure to comply with Rule 16(b). (Doc. 31).

plaintiff and slammed his head repeatedly against the vehicle. The officer who transported the plaintiff to the police station repeatedly slammed on the brakes and accelerated suddenly, causing injury to the plaintiff's back. Criminal charges were brought against the plaintiff but were terminated in his favor. (Doc. 7 at 2, 4).

The amended complaint asserts state causes of action for assault and battery; false arrest; false imprisonment; malicious prosecution; invasion of privacy; negligence; and wantonness. (Doc. 7 at 2-5). The amended complaint asserts federal causes of action for false arrest; false imprisonment; malicious prosecution; "repeated complaints"; "policy of inadequate training or supervision"; "custom of police of abuse"; "custom of deliberate indifference relating to hiring"; and unreasonable use of force." (*Id*. at 5-10).[2]

The defendants argue that the plaintiff cannot establish that Jones engaged in the conduct made the basis of the plaintiff's state and federal claims. The defendants also argue that Selma cannot be held liable for any constitutional deprivation visited on the plaintiff by Jones or other officers. (Doc. 22 at 4, 10).

## DISCUSSION

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343 and 1367. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). The moving party may meet its burden in either of two ways: (1) by

---

[2] The Court agrees with the defendants that the quoted claims are but theories by which the plaintiff seeks to hold the City liable for any constitutional violation.

"negating an element of the non-moving party's claim"; or (2) by "point[ing] to materials on file that demonstrate that the party bearing the burden of proof at trial will not be able to meet that burden." *Id*. "Even after *Celotex* it is never enough simply to state that the non-moving party cannot meet its burden at trial." *Id*.; *accord Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000); *Sammons v. Taylor*, 967 F.2d 1533, 1538 (11th Cir. 1992).

"If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993); *accord Mullins*, 228 F.3d at 1313; *Clark*, 929 F.2d at 608.

"If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact." *Fitzpatrick*, 2 F.3d at 1116. "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Clark*, 929 F.2d at 608 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted); *see also* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion ….").

In deciding a motion for summary judgment, "[t]he evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant …." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003).

"There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995). Accordingly, the Court limits its review to those arguments the parties have expressly advanced.

Given the standards expressed above, summary judgment must in large part be denied.

**I. Officer Jones.**

As noted, the amended complaint asserts seven state-law claims and four federal claims against Officer Jones. The Court considers them in turn.

**A. False Arrest and False Imprisonment.**

False arrest depends on an arrest, and false imprisonment depends on an imprisonment. The defendants argue it is uncontroverted that Jones did not arrest or imprison the plaintiff and that he has no evidence to the contrary.

As to arrest, the defendants have presented the Alabama uniform arrest report, which reflects the arresting officers as Officers Calhoun and Smyly. (Doc. 22, Exhibit 2). The statements of these officers also reflect that Officer Calhoun, not Officer Jones, arrested the plaintiff. (*Id*., Exhibits 3, 4). As to imprisonment, the defendants have presented several statements reflecting that Sergeant Nix and Officer Calhoun placed the plaintiff in the paddy wagon, that Officer Ray Blanks drove the paddy wagon to the station and took the plaintiff inside for booking, and that Officers Calhoun and Smyly returned to the station separately for booking. This evidence shifts to the plaintiff the responsibility of showing the existence of a genuine issue of fact.

The plaintiff insists without explanation that there is evidence Officer Jones arrested him, (Doc. 29 at 2), but he identifies no such evidence. The three brief affidavits which constitute the sum total of his evidentiary submission certainly do not create a genuine issue of material fact as to whether Officer Jones arrested or imprisoned the plaintiff. Officer Jones is thus entitled to summary judgment with respect to the state and federal claims of false arrest and false imprisonment.

**B. Malicious Prosecution.**

The defendants assert that "Officer Jones did not initiate any legal proceedings against the plaintiff … and did not file any criminal charges against him." (Doc. 22 at 9).

[4]

In their reply brief, the defendants assert they "submitted uncontradicted testimony" establishing these facts. (Doc. 30 at 2). The Court, however, has carefully reviewed the defendants' briefs, and nowhere do they identify any statement or other evidence establishing that Officer Jones was uninvolved in the decision to prosecute the plaintiff following his arrest. Nor have the defendants "point[ed] to materials on file" showing that the plaintiff cannot prove that Officer Jones is liable for malicious prosecution. Nor have they raised (much less supported) any argument that Officer Jones, whether because he was not the arresting officer or for some other reason, is legally incapable of committing the tort of malicious prosecution.

Because the defendants have not met their initial burden, their motion must be denied without considering what showing, if any, the plaintiff has made. Officer Jones is not entitled to summary judgment with respect to the state and federal claims of malicious prosecution.

### C. Assault and Battery.

The defendants argue that all of the "credible" evidence is that Officer Jones "did not utilize any force against Plaintiff." (Doc. 22 at 6; *accord id*. at 4; Doc. 30 at 1, 2). The Court, of course, cannot make credibility determinations on motion for summary judgment. The plaintiff's affidavit clearly states that "Officer Jones grabbed my arm," (Doc. 29, Attachment), which is sufficient to create a genuine issue of material fact in that regard. Because the defendants make no argument that grabbing an arm is insufficient as a matter of law to support a claim of assault and battery, the Court must assume that it is sufficient.

The defendants argue that the plaintiff's affidavit should be disregarded as sham within the contemplation of *Van T. Junkins & Associates, Inc. v. U.S. Industries, Inc.*, 736 F.2d 656 (11th Cir. 1984). (Doc. 30 at 4). This case provides that, "[w]hen a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an

affidavit that merely contradicts, without explanation, previously given clear testimony." *Id*. at 657. The plaintiff's affidavit, however, was created long before his deposition, not after it. The defendants have not attempted to show that *Van T. Junkins* applies under such a chronology, and the Court will not conduct legal research on the defendants' behalf to remedy the deficiency.

Even could the sham affidavit rule apply when the affidavit precedes the deposition, "[t]his rule is applied sparingly because of the harsh effect [it] may have on a party's case." *Allen v. Board of Public Education*, 495 F.3d 1306, 1316 (11th Cir. 2007) (internal quotes omitted). "[T]o allow every failure of memory or variation in a witness' testimony to be disregarded as a sham would require far too much from lay witnesses and would deprive the trier of fact of the traditional opportunity to determine which point in time and with which words the ... affiant ... was telling the truth." *Id*. (internal quotes omitted). Thus, there must be an "inherent inconsistency" between affidavit and deposition before the former may be disregarded as sham. *Id*.; *accord Latimer v. Roaring Toyz, Inc*., 601 F.3d 1224, 1237 (11th Cir. 2010). Otherwise, "the general rule allowing an affidavit to create a genuine issue even if it conflicts with earlier testimony in the party's deposition ... governs." *Rollins v. TechSouth, Inc*., 833 F.2d 1525, 1530 (11th Cir. 1987) (internal quotes omitted).

The plaintiff did not in his deposition testify that Officer Jones did not grab his arm, which is the degree of specificity that would be required in order to find an inherent inconsistency between his affidavit and his deposition. What the plaintiff testified was that "[i]t's [my] belief that it was Carlos Jones" who grabbed his arm. (Plaintiff's Deposition at 140-41). Moreover, the plaintiff explained his belief by stating he "know[s] exactly how his face look[s]," indicating that the plaintiff had personal knowledge that the person who grabbed him was the person he knew to be Officer Jones. This testimony is not in contradiction of his affidavit but in direct support of it. The defendants insist the deposition discloses that the plaintiff "does not know for certain" who grabbed his arm, (Doc. 30 at 4), but uncertainty and direct contradiction are worlds

apart. The plaintiff's affidavit and deposition, individually as well as in combination, patently reflect a genuine issue of material fact as to whether Officer Jones grabbed his arm. This conclusion is only underscored by Officer Jones' statement, in which he admits he "turned [the plaintiff] around," (Doc. 22, Exhibit 7) – a feat requiring him to touch the plaintiff.

Finally, the defendants argue that the plaintiff "abandoned" his assault and battery claim (and several others) by failing to address them in his response. (Doc. 30 at 7). Because Federal Rule of Civil Procedure 56(a) specifies that summary judgment may be entered only when the record evidence shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law, "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion." *United States v. One Piece of Real Property*, 363 F.3d 1099, 1101 (11th Cir. 2004); *accord Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008). None of the defendants' cited cases, properly understood, is inconsistent with this principle. *See Mariano v. Potter*, 2006 WL 907772 at *9-10 (S.D. Ala. 2006) (addressing and distinguishing the cases on which the defendants rely).[3]

Because the plaintiff has evidence that Officer Jones grabbed his arm, and because the defendants have not attempted to show that the plaintiff cannot prevail despite this evidence, Officer Jones is not entitled to summary judgment as to the state assault and battery claim.

---

[3] As noted in Part I.D, the defendants' briefing in support of summary judgment do not address the plaintiff's claims of invasion of privacy, negligence and wantonness. Nevertheless, the defendants insist the plaintiff abandoned those claims by not responding to the defendants' non-existent argument.

### D. Invasion of Privacy, Negligence and Wantonness.

The defendants do not acknowledge the existence of claims against Officer Jones for negligence and wantonness, and they mention invasion of privacy only in listing the stated causes of action. (Doc. 22 at 6; Doc. 30 at 1). The defendants do not address these claims or offer any reason, legal or factual, why they must be dismissed. This is patently inadequate to carry the defendants' initial burden, and Officer Jones therefore is not entitled to summary judgment as to these claims.[4]

### E. Excessive Force.

As with the state-law assault and battery claim, the defendants' only argument is that the "credible" evidence shows that Officer Jones did not apply any force against the plaintiff. As noted in Part I.C, there is indeed evidence that Officer Jones grabbed the plaintiff's arm. The defendants offer no argument that grabbing a citizen's arm is insufficient as a matter of law to violate the Constitution, either in general or under the particular circumstances, and the Court will not construct or support such an argument on their behalf.[5] Officer Jones is not entitled to summary judgment as to the federal excessive force claim.

## II. The City.

The claims against the City can be divided between those that are state and those that are federal.

---

[4] The defendants expressly "do not waive" a defense based on state-agent immunity, (Doc. 22 at 4 n.2), but they do not assert or support any such defense on motion for summary judgment.

[5] The defendants expressly "do not waive" argument that the de minimis doctrine applies or that Officer Jones is protected by qualified immunity, (Doc. 22 at 4 n.2), but they do not assert or support any such arguments on motion for summary judgment.

### A. State Claims.

The City does not address the state claims in any fashion. Perhaps the City assumes it is not a defendant to those counts, but the Court cannot indulge the same assumption. The negligence count explicitly addresses the City, (Doc. 7 at 5), and the other counts all complain of the tortious conduct of "the defendants," which presumably is sufficiently broad to encompass the City. Perhaps the City assumes it cannot be liable if Officer Jones is not liable, but the Court cannot indulge this assumption, either. First, of course, Officer Jones' motion for summary judgment fails as to the malicious prosecution, invasion of privacy, negligence and wantonness counts. Second, even if the City's liability is derivative of its employee's liability, the City offers no authority or argument for the proposition that its liability cannot be based on the tortious conduct of non-party employees. The City is not entitled to summary judgment as to the plaintiff's state claims.

### B. Federal Claims.

The City asserts that the plaintiff has no evidence that any constitutional violation by its police officers was the result of a custom, policy or failure to train or supervise by the City. (Doc. 22 at 10-15). The City does not point to evidence in the record that negates a custom, policy or failure to train or supervise. Nor does the City point to material in the file (such as interrogatory responses, as in *Celotex*) showing that the plaintiff has no evidence to support the existence of a custom, policy or failure to train or supervise. The City simply posits that the plaintiff has no such evidence. As previously noted, however, "[e]ven after *Celotex* it is never enough simply to state that the non-moving party cannot meet its burden at trial." *Clark*, 929 F.2d at 608. "Instead, the moving party must point to specific portions of the record in order to demonstrate that the nonmoving party cannot meet its burden of proof at trial." *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 n.19 (11th Cir. 1991).

In its reply brief, the City notes that the plaintiff "has presented no evidence" that a policy, custom or failure to train or supervise caused the alleged constitutional violations. (Doc. 30 at 6). As previously noted, however, "[i]f the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made." *Fitzpatrick*, 2 F.3d at 1116. Because the City did not meet its initial burden, it is irrelevant (short of an admission) how or even whether the plaintiff responded to the motion. The City is not entitled to summary judgment as to the plaintiff's federal claims.

## CONCLUSION

For the reasons set forth above, the defendants' motion for summary judgment is **granted** with respect to the state and federal claims against Officer Jones for false arrest and false imprisonment. In all other respects, the motion for summary judgment is **denied**.[6]

DONE and ORDERED this 4th day of March, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] The plaintiff should not take unjustified comfort from the instant ruling, which does not spring from any detectable merit in his case but from the defendants' failure to raise all available arguments or properly support those they did raise.